Norwalk Iron Works *vs.* West.

of the agent is beyond the scope of his agency, and his principal is not responsible therefor.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

*B. Egan* for Plaintiff Appellant. *Eustis, Rozier*, and *Kelly & Lazarus* for Defendant.

WHITE, J., delivered the opinion affirming the judgment.

─────────────

## No. 5751.

NEW ORLEANS MECHANICS' SOCIETY VS. W. H. HARRIS, TAX COL.

If the appellee wishes to demand damages, he must file his answer to the appeal at least three days before that fixed for the hearing.

The Fisk Library, and the lot and building which constitute the capital stock of the library association, are exempt from taxation under the Act of 1871, exempting "the capital stock of library institutions, library associations, and public lyceums."

APPEAL from the Superior District Court of New Orleans. HAWKINS, J.

*Merrick, Race & Foster* and *A. & W. Voorhies* for Plaintiff Appellant. *Egan*, Assistant Attorney-General, for Defendant.

MARR, J., delivered the opinion reversing the judgment.

─────────────

## No. 5540.

NORWALK IRON WORKS VS. B. J. WEST.

An owner of property is estopped from claiming it from a *bona fide* purchaser who has bought from one in whose hands the owner placed it, and where the buyer found it with all the *indicia* of ownership. However indisputable were the intentions of the owner not to surrender his ownership, when he has surrendered the possession and exhibited the person who has that possession to the world as one having the power to dispose of the property, he will not be heard against an honest buyer who had acted upon the confidence imprudently reposed by the owner.

APPEAL from the Fifth District Court of New Orleans. CULLOM, J.

*Mills* for Plaintiff Appellant.    *Singleton & Browne* for Defendant.

WHITE, J., delivered the opinion affirming the judgment.

## No. 5588.

### CATHERINE WITHERELL VS. W. H. WITHERELL, HER HUSBAND.

A married woman cannot sue her husband upon his note and obtain judgment thereon, when she does not pretend to be separate in property, nor allege his embarrassment and consequent endangering of her rights, nor seek a dissolution of the community, nor is suing to recover the possession and administration of any specific paraphernal property. A simple moneyed judgment against him, the community still existing, cannot stand, and a sale of his effects and her purchase thereunder is invalid.

A judgment in favor of the wife against the husband, rendered on his confession alone, will be reversed.

A creditor of the husband may appeal from such judgment and urge its invalidity.

APPEAL from the Fourth District Court of New Orleans.    LYNCH, J.

*Singleton & Browne* and *Crane* for plaintiff.    *Merrick, Race & Foster* for the Creditor Appellant.

SPENCER, J., delivered the opinion reversing the judgment.

## No. 5785.

### JEAN PORTE VS. PIERRE GOURGANT.

The plaintiff obtained a writ of sequestration against the defendant on a claim of ownership of certain cows in the latter's possession. The defendant obtained an order of release upon bond, and furnished it, which was accepted by the sheriff. The plaintiff took a rule upon the sheriff to make him liable because of the insufficiency of the securities he had accepted, which rule was made absolute, and the sheriff was decreed to be liable. On the same day the plaintiff filed a supplemental petition, charging that the defendant had obtained possession of the sequestered property by false and fraudulent representations of the solvency of his sureties, and prayed an *alias* writ of sequestration of the same property, which was issued. *Held,*